UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

            v.

PATRICK G. BASSETT,

                Defendant.
_____

REPORT & RECOMMENDATION

11-MJ-4022

        By Order of Hon. Charles J. Siragusa, United States District Judge, dated August 25, 2011, all pre-trial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 12).

        On May 6, 2011, defendant's counsel, Christian J. Kennedy, Esq., made an oral motion pursuant to 18 U.S.C. § 4241(a) for a hearing to determine the mental competency of the defendant.  (Docket ## 3, 11).  The government joined in the motion.  (Docket # 3).  Finding reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him unable to understand the nature and consequence of the proceedings against him and to assist properly in his defense, the Court scheduled a competency hearing for June 20, 2011, which was thereafter adjourned until July 6, 2011 and then again until August 11, 2011.  (Docket ## 4, 5; 7/20/11 Court Notice).  The Court further ordered, pursuant to 18 U.S.C. § 4241(b), that the defendant undergo a psychiatric examination, with the results of such examination to be reported to the Court and counsel.  (Docket # 4).

Prior to the competency hearing, the Court received a report containing the results of the defendant's psychiatric examination, which opined that the defendant was competent to stand trial. Following review of the report, on August 18, 2011, both counsel for the government and the defendant stated that they were not contesting the report or the opinions contained therein and urged the Court to adopt the finding that the defendant is competent to stand trial. Upon review of the report, and considering the absence of contradictory evidence, this Court finds by a preponderance of the evidence that the defendant is not presently suffering from a mental disease or defect that would render him mentally incompetent to the extent that he would be unable to understand the nature and consequences of the proceedings against him or render him unable to assist properly in his defense. *See* 18 U.S.C. § 4241(d). Accordingly, it is the recommendation of this Court that the defendant be determined competent to stand trial.

          *s/Marian W. Payson*
          MARIAN W. PAYSON
          United States Magistrate Judge

Dated: Rochester, New York
      August   25  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

    **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

    **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

    The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

    **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

    The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

    Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                            MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
         August _____, 2011

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).